UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL CARLTON LOWE, SR.,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 07-4886 (DWF/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended application for habeas corpus relief under 28 U.S.C. § 2254.[1] The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota. He is serving a 360-month prison sentence that was imposed on August 15, 2007, in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty of assault, criminal sexual conduct, and "terroristic threats."

---

[1] Petitioner's original habeas corpus petition, (Docket No. 1), was stricken without prejudice, because it was not submitted on the prescribed form. (See Order dated December 21, 2007; [Docket No. 2].) Petitioner was granted leave to file a new petition on the proper form, and he did so on January 10, 2008. Therefore, the matter is presently before the Court on Petitioner's Amended Habeas Corpus Petition. (Docket No. 3.)

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(Amended Petition, [Docket No. 3], p. (2), ¶s 1-6.)

Petitioner has appealed his conviction and sentence to the Minnesota Court of Appeals, and his appeal is still pending before that Court.  (Id., p. (3), ¶ 9.)

Even though Petitioner's criminal case is still pending before the Minnesota Court of Appeals, he has now filed a federal habeas corpus petition in which he challenges his conviction and sentence on four grounds.  He claims that (1) his conviction was based on evidence obtained in violation of his constitutional rights under the Fourth Amendment, (2) his conviction was based on evidence obtained pursuant to an "unlawful arrest," (3) his conviction was "obtained by violation of the protection against double jeopardy," and (4) he was deprived of his constitutional right to due process, because of certain evidentiary rulings by the trial court judge.  (Id., pp. 4-6, ¶ 12.)  The Court finds, however, that Petitioner's federal habeas corpus claims cannot be entertained at this time, because he has not yet exhausted his available state court remedies.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To exhaust his state court remedies, a prisoner must fairly present his claims to the highest available state court, (in Minnesota, the State

Supreme Court), before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

In this case, it is readily apparent that none of Petitioner's current claims for relief has ever been fairly presented to, or addressed by, either the Minnesota Court of Appeals or the Minnesota Supreme Court. Indeed, the petition clearly shows that Petitioner is still challenging his conviction and sentence in the State Court of Appeals. Because Petitioner has not yet given the Minnesota state appellate courts an opportunity to hear and decide his claims for relief, he has not satisfied the exhaustion of state court remedies requirement.

Because Petitioner has not exhausted his state court remedies, his current application for federal habeas corpus relief cannot be entertained. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. It will be further recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to satisfy the exhaustion requirement. Petitioner may return to federal court, if necessary, after the state courts – including the Minnesota Supreme Court – have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 4.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's amended petition for a writ of habeas corpus, (Docket No. 3), be

DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 4),

be DENIED; and

3.  This action be summarily DISMISSED WITHOUT PREJUDICE.


Dated: February 5, 2008

 s/ Susan Richard Nelson
 SUSAN RICHARD NELSON
 United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 20, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.